UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed on
or After November 1, 1987)

UNITED STATES OF AMERICA )
)
v. ) Cause No. 2:08 CR 36
)
DAVID LEE, ) USM No.: 09625-027
)
Defendant ) P. Jeffrey Schlesinger,
Attorney for Defendant

**THE DEFENDANT** pleaded guilty to Count 1 of the Indictment. Accordingly, the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count No. |
|---|---|---|---|
| Title 18, § 922(g)(1) | Felon in Possession of a Firearm | March 11, 2008 | 1 |

The Defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count 2 is **DISMISSED** on motion of the United States.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, mailing address, or material change in the defendant's economic circumstances until the special assessment imposed by this judgment is fully paid.

September 17, 2008
Date of Imposition of Judgment

/S/ James T. Moody
James T. Moody, Judge
United States District Court

September 17, 2008
Date Signed

**Defendant:** David Lee  **Judgment - Page 2**
**Cause No:** 2:08 CR 36

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **Twenty-one (21) months**, the minimum term the guidelines recommend..

.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:
_____
_____
Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this Judgment.

                                      _____
                                      United States Marshal

                             By:_____
                                      Deputy Marshal

**Defendant: David Lee**  
**Cause No: 2:08 CR 36**  

Judgment - Page 3

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **Two (2) years**. Within 72 hours of release from the custody of the United States Bureau of Prisons, the defendant shall report to the probation office in the district to which the defendant is released.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release, the defendant shall not commit another federal, state or local crime, shall not illegally possess a controlled substance, shall refrain from any unlawful use of a controlled substance, shall submit to one drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter, as determined by the probation officer, shall cooperate in the collection of DNA as directed by the probation officer; and shall comply with the following standard conditions previously adopted by this Court:

1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the Court or Probation Officer;
2) The defendant shall report to the Probation Officer and shall submit a truthful and complete written report within the first five (5) days of each month;
3) The defendant shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer;
4) The defendant shall support his dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the Probation Officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer;
10) The defendant shall permit a Probation Officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the Probation Officer;

**Defendant: David Lee**  **Judgment - Page 4**
**Cause No: 2:08 CR 36**

11) The defendant shall notify the Probation Officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) As directed by the Probation Officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the Probation Officer to make such notifications and to confirm the defendant's compliance with such notification requirement;
14) The defendant shall pay any special assessment imposed; and
15) The defendant shall notify the probation officer of any material change in his economic circumstances that might affect his ability to pay any unpaid special assessment.

In addition, the defendant shall comply with the following special conditions:

1) The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
2) The defendant shall participate in an alcohol abuse treatment program under a plan which may include testing for the detection of drugs of abuse at the direction and discretion of the probation officer. The defendant shall participate in a co-payment program to offset the cost of treatment. The co-payment amount is based on annual poverty guidelines established by the U.S. Department of Health and Human Services on a sliding scale basis. The co-payment amount shall not exceed an amount determined by the probation officer's sliding scale for monthly co-payment; and
3) While under supervision, the defendant shall not consume alcoholic beverages or any mood altering substances, which overrides the "no excessive use of alcohol" language in standard condition #7.

## FINE

The Court is imposing no fine because of defendant's inability to pay.

## SPECIAL ASSESSMENT

The defendant must pay to the United States a special assessment of $ 100.00 which shall be due and payable immediately to the Clerk of this Court.

## FORFEITURE

The defendant shall forfeit the defendant's interest in the following property to the United States: One H & R Model .38 caliber revolver bearing serial #AP127972 and 4 rounds of .38 caliber ammunition .